**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NICOLE FLECHAS, § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:14-cv-04454-N |
| CHASE BANK USA, N.A. § | |
| D/B/A CHASE, § | |
|     Defendant. § | |

## JOINT STATUS REPORT

TO THE HONORABLE DAVID C. GODBEY, UNITED STATES DISTRICT JUDGE:

Counsel for Nicole Flechas (the "Plaintiff") and counsel for Chase Bank USA, N.A. (the "Defendant") held a conference on February 16, 2015, as required by the Order Requiring Status and Scheduling Conference (Dkt. No. 12) and now submit this Joint Status Report as follows:

**a.** **A brief statement of the nature of the case, including the contentions of the parties.**

The Plaintiff contends that the Defendant has repeatedly tried to collect a mortgage debt that was discharged in Plaintiff's bankruptcy in June 2012. Plaintiff alleges that, following the bankruptcy discharge, Defendant engaged in debt collection activity against Plaintiff on the discharged debt by: (1) sending Plaintiff statements and letters seeking payment of the discharged Debt or an action to benefit Defendant; and (2) impermissibly accessing and reviewing Plaintiff's consumer credit reports maintained by Experian, by misrepresenting to Experian that it was accessing Plaintiff's reports to monitor or insure its account or to complete a credit application. The Plaintiff asserts claims for violations of the Fair Credit Reporting Act, violations of the Texas Debt Collection Act, the common law tort of invasion of privacy, and violation of the Chapter 7 bankruptcy discharge injunction.

The Defendant denies engaging in any collection activity against the Plaintiff after the bankruptcy discharge, denies that the Plaintiff suffered damages from the conduct alleged, and asserts several affirmative defenses to her claims.

**b.     Status of settlement discussions (excluding any discussion of amounts).**

There is a good prospect of resolution of this case. The undersigned counsel have discussed the factual and legal issues extensively. The Plaintiff made a settlement proposal. The Defendant is evaluating that proposal and expects to respond in the near future.

**c.     Possible joinder of additional parties.**

No other parties are expected at this time.

**d.     Any anticipated challenges to jurisdiction or venue.**

None.

**e.     Date by which the case will be ready for trial and estimated length of trial.**

The parties propose a trial date anytime available on the Court's calendar in <u>April 2016</u> and estimate that trial will take two days. The Plaintiff has demanded a jury.

**f.     The desirability of ADR and the timing for ADR.**

The parties do not believe that ADR is advisable at this time. All parties are represented by experienced counsel. There has been, and continues to be, open and amicable dialog between counsel concerning all aspects of this case. The parties do not believe that ADR would facilitate or enhance the chances of settlement at this time. If ADR is ordered, the parties believe that mediation would be the most appropriate form of ADR.

**g.     Any objections to disclosure under Rule 26(a)(1).**

None.

**h.     Proposed discovery plan under Rule 26(f)(3).**

(1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(a), including when the initial disclosures were made or will be made.

None of the parties requests changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties with serve their initial disclosures under Rule 26(a) by <u>March 3, 2015</u>.

(2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The Plaintiff expects that discovery will be needed on the following subjects:
- the date and reason for all credit report inquiries the Defendant made into the Plaintiffs' Experian credit reports on or after June, 2012;
- Defendant's intentions with regard to Plaintiff's discharged account;
- Agreements, whether specific or general, between Defendant and any other entity with regard to Plaintiff's account;
- Defendant's policies, procedural manuals and/or training materials regarding the collection of accounts discharged in bankruptcy;
- Plaintiff's archived Experian credit files (showing the precise dates and purposes for which Defendant purported to access Plaintiffs credit report);
- Plaintiff's archived Experian credit reports;
- Agreements and/or certifications by or between Experian and Defendant regarding accessing credit files;
- Agreements and/or certifications by or between Experian and Defendant regarding the reporting of discharged mortgage accounts where the property was surrendered;
- Defendant's policies, procedural manuals and/or training materials ensuring that credit files are requested, obtained and/or furnished only for permissible purposes;
- Has the Defendant received payments from any entity regarding servicing the account which is the subject of this suit after the discharge;
- Was the Defendant paid to pull Plaintiff's credit reports and to send Plaintiff demands for payment by any party after the debt was discharged in bankruptcy;
- Servicing agreements or other contracts which cover continued payments to Defendant for collection efforts which occurred after the discharge;
- the Defendant's knowledge of the Plaintiffs' bankruptcy filing and bankruptcy discharge;
- all information the Defendant submitted to Experian concerning the Plaintiff on or after June 25, 2012; and
- all information related to the sale or transfer of the discharged account to Chase Bank USA, NA.

The Defendant expects that discovery will be needed on the following subjects:

**JOINT STATUS REPORT**                                                                                         Page 3

- communications between Plaintiff and Defendant after November 19, 2013;
- credit inquiries by Defendant on Plaintiff's credit report after November 19, 2013;
- the Plaintiff's alleged damages; and
- the amount, necessity, and reasonableness of Plaintiff's attorneys' fees and expenses.

The parties do not believe discovery should be conducted in phases or be limited or focused on particular issues.

(3) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

The parties are not aware of any unusual issues about disclosure and discovery of ESI. The parties agree that ESI should be produced in printed form on paper or Adobe format files in the form that the data is ordinarily used by the producing party.

(4) Any issues about claims of privilege or of protection as trial-preparation materials, including–if the parties agree on a procedure to assert these claims after production–whether to ask the court to include their agreement in an order.

The parties are not currently aware of any issues about claims of privilege or protection. If such issues arise, counsel for the parties believe they will be able to resolve them by entering into an agreed protective order. No agreement has been reached as to inadvertent production. If that issue arises, counsel for the parties believe they will be able to resolve it without court intervention.

(5) Any changes that should be made in the limitations on discovery imposed under the Federal Rules or by local rule, and what other limitations should be imposed.

At this time, the parties do not believe any changes should be made in the limitations in discovery imposed by the federal or local rules, or that any other discovery limitations should be imposed.

(6) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

The Defendant will file a motion for protective order to protect confidential documents and information.

       Respectfully submitted,

       */s/ James J. Manchee*
       JAMES J. MANCHEE
       Texas Bar No. 00796988
       MANCHEE & MANCHEE, LLP
       12221 Merit Drive, Suite 950
       Dallas, Texas  75251
       (972) 960-2240 Telephone
       (972) 233-0713 Facsimile
       ATTORNEYS FOR THE PLAINTIFF

       and

       QUILLING, SELANDER, LOWNDS
        WINSLETT & MOSER, P.C.
       2001 Bryan Street, Suite 1800
       Dallas, Texas  75201-4240
       (214) 871-2100 (Telephone)
       (214) 871-2111 (Facsimile)

       By:  */s/ Kenneth A. Hill*
        Wm. Lance Lewis
        State Bar No. 12314560
        Kenneth A. Hill
        State Bar No. 09646950
       ATTORNEYS FOR THE DEFENDANT

4845-0777-6289, v.  2